**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOYLE WHEELER; CARRI WHEELER, husband and wife, individually and on behalf of similarly situated Washington residents,<br><br>　　　　　Plaintiffs - Appellees,<br><br>　v.<br><br>NOTEWORLD LLC, DBA NoteWorld Servicing Center; NATIONWIDE SUPPORT SERVICES INC., a California corporation; JOHN DOES, A-K; JANE DOES, A-K,<br><br>　　　　　Defendants,<br><br>　and<br><br>FREEDOM DEBT CENTER, a California corporation,<br><br>　　　　　Defendant - Appellant. | No. 11-35984<br><br>D.C. No. 2:10-cv-00202-LRS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted December 3, 2012
Seattle, Washington

Before: SCHROEDER, McKEOWN, and TALLMAN, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs Doyle and Carrie Wheeler brought a consumer debt diversity action against Defendants Noteworld LLC, Freedom Debt Center ("Freedom"), and others, arising from the Wheelers' engagement of Freedom to provide them with debt settlement services. Freedom appeals the denial of its motion to compel arbitration. We affirm.

The district court concluded, and the parties do not dispute, that three provisions of the arbitration section of the Debt Settlement Agreement were substantively unconscionable: the 30-day limitation period for claims; the loser-pays-all provision; and the provision requiring the Wheelers to arbitrate their Washington claim in Orange County California.

Under Washington law, severance of unconscionable provisions from a section of an agreement is not possible where the unconscionable provisions permeate that section. *McKee v. AT&T Corp.*, 191 P.3d 845, 860 (Wash. 2008). This contract's arbitration section has only four sentences and three of these contain an unconscionable provision. The section is materially similar to the one in *McKee* where four provisions of a consumer services contract were held to be substantively unconscionable and to permeate the dispute resolution section. The Supreme Court of Washington treated the *McKee* arbitration section differently from the arbitration provisions contained in the employment contracts at issue in

2

*Adler v. Fred Lind Manor*, 103 P.3d 773 (Wash. 2004) and *Zuver v. Airtouch Communications, Inc.*, 103 P.3d 753 (Wash. 2004). In those cases, severance of the unconscionable provisions was ordered because there were only two, and the rest of the provisions in the lengthy arbitration agreements could stand on their own. Here, as in *McKee*, the remaining provisions cannot. The unconscionable provisions "taint the entire [] section, such that severance would essentially require us to rewrite the [] agreement." *McKee*, 191 P.3d at 860–61. Regardless of whether the severance issue is one of law to be decided de novo or a discretionary determination, we must affirm the district court in this case. There was no error of law or abuse of discretion.

**AFFIRMED**.